Bell, J.,
dissenting. I am in complete agreement with the statements in the majority opinion as to what constitutes contempt of court, and I certainly concur in the observation that *276 the acrimony which developed between the judge and the attorney was unfortunate. A tendency toward an apologetic attitude on the part of both might well have avoided the unfortunate circumstances which resulted in this litigation.
But my interpretation of certain portions of the record herein forces me to a conclusion different from that of the . majority of the court. In my opinion there is a sufficient basis in the holdings of this court to justify the opinion of the attorney that the Common Pleas Court had no jurisdiction of the subject matter. Grimes & Hauer, Inc., v. Pollock, 163 Ohio St., 372; Richman Brothers Co. v. Amalgamated Clothing Workers of America, 168 Ohio St., 560. Convinced that he had, at least, an arguable issue on the question of the validity of the restraining order, it was his duty as a lawyer to so advise his clients.
The record indicates that, on the day prior to the first contempt hearing (the hearing at which the attorney and his clients were found guilty of contempt although no citation in contempt had then been issued for the attorney), the attorney, at the suggestion of his opposing counsel and with the full knowledge of the court, agreed to submit to the court his clients to be dealt with on contempt. At that time he stated that he “would gladly stipulate all matters necessary to establish the contempt so that I could immediately appeal the decision or file habeas corpus proceedings.”
To subsequently hold him in contempt for actually doing what, with the knowledge of the court and opposing counsel, he had agreed to do appears to me to be carrying the processes of contempt to an end that is unwarranted in this situation.
Judge Younger, in his dissenting opinion in the Court of Appeals, summed it up thus:
“In my opinion there is a vast distinction between the actions of an attorney who is openly contumacious or rebellious over an order of court and advises or aids and abets his client in disobeying it and the actions of an attorney who has valid legal grounds for believing the order of the court to be void for lack of jurisdiction and advises his client to resist the order, so that, in the orderly administration of justice, the question of the court’s jurisdiction may be determined. This is especially so, where, as in this case, the opposing counsel and the *277 court know what is being done and the reason for it. I would not condone the one and I can not condemn the other.”
Taft, J., concurs in the foregoing dissenting opinion.